| Debtor(s): | Christopher S. Stafford | SS#: | xxx-xx-1332 | **CHAPTER 13 PLAN** | Case No.: * |
| | Bobbie J. Stafford | SS#: | xxx-xx-2627 | | Net Monthly Earnings: $4893.19 |
| | | | | | Number of Dependents: 2 |

09-80913

## I. Plan Payments:

( ) Debtor(s) propose to pay a periodic payment of $* ( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly into the plan; or
(X) Payroll deduction Order: To Bellsouth Telecommunications for $ 208.00 ( ) weekly (x) bi-weekly ( ) semi-monthly ( ) monthly

Length of plan is approximately 60 months, and the total debt to be paid through the plan is approximately: $27000.00

## II. From the payments received, the trustee shall make disbursements pursuant to the Bankruptcy Code including:

A. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT) [See § 1322(a)(2)]
The following priority claims, if allowed, will be paid in full unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount | Monthly payment |
|---|---|---|---|
| | | | |

B. Total ATTORNEY FEE: $2500.00; $104.50 paid pre-petition; $2395.50 to be paid at confirmation.

C. The holder of each SECURED claim shall retain the lien securing such claim until a discharge is granted and such claim shall be paid in full with interest in deferred cash payments as follows:

1. Long Term Debts:

| Name of Creditor | Total amount of debt | Amount of regular payment to be paid | Regular payments to begin: Month/Year | Arrears to be paid by trustee | Months included in arrearage amount | Proposed interest rate on arrearage | Proposed fixed payment on arrearage |
|---|---|---|---|---|---|---|---|
| Countrywide | $142150 | None by trustee $1083.83 by Debtor | April 2009 | $4000 | 3 months | 5.25% | To be determined by the trustee |
| Countrywide | $19205 | None by trustee $120.00 by debtor | April 2009 | $200 | 1 month | 5.25% | To be determined by the trustee |

2. Secured Debts (not long term debts) to be paid through Trustee:

| Name of Creditor | Adequate protection payments | Total amount of debt | Debtor's value | Unsecured portion | Description of collateral | Proposed interest rate | Proposed fixed payments |
|---|---|---|---|---|---|---|---|
| Wells Fargo | $52 | $16895 | $5175 | $11720 | 2005 Kia Sedona | 5.25% | $98.25 |

## III. Other debts (not shown in 1. or 2. above) which Debtor(s) propose to pay direct:

| Name of creditor | Total amount of debt | Amount of regular payment | Description of collateral | Reason for direct payment |
|---|---|---|---|---|
| | | | | |

## IV. Special Provisions:

This is an original plan.
This is an amended plan replacing plan dated *
This plan proposes to pay unsecured creditors Prorata.

### Other Provisions:

(1) All creditors being paid non-plan direct are hereby granted limited relief to continue to send monthly invoice, statements and payment requests to facilitate these monthly maintenance payments.

(2) Payments by the Trustee-Pursuant to 11 U.S.C. § 1326(b), from money received, the trustee shall first pay 507(a)(2) costs, including 503 (b) claims of filing fees of $274.00 and then attorneys fees of $2395.50. When these costs have been paid, the trustee shall pay the properly filed secured claims, then the properly filed priority claims, then any properly filed claims being sub-classed. The remaining monies received by the trustee shall then be distributed pro rata to properly filed unsecured claims.

(3) ALL SECURED CLAIMS SHALL BE PAID AS NOTED IN SECTION 2 OR UNTIL SAID CLAIM IS PAID IN FULL. CLAIMS DISTRIBUTION WILL BE SUBJECT TO MODIFICATION AFTER BAR DATE REVIEW.

(4) The debtors propose that the Chapter 13 Trustee shall only distribute payments, including adequate protection payments until confirmation of the plan, to creditors who have actually filed proof of claims (including proof of security) with the Court that are deemed allowable pursuant to 11 U.S.C. §501 (a). Above adequate protection payments are calculated as 1% of the value of the collateral at the time of filing.

(5) Sallie Mae to be paid direct non plan by debtors due to student loan.

(6) Debtors dispute debt with Portfolio Recovery for the 1989 Chevy Silverado as the debt was discharged and paid in previous chapter 13 filing.

Name/Address/Telephone/Attorney for Debtor(s):
Amy K. Tanner, Bond, Botes, Sykstus, Tanner & Ezzell, P.C., 415 Church Street, Suite 100, Huntsville, Alabama 35810, (256)539-9899

Dated: 3/6/09    _____
                 Signature of Debtor

Dated: 3/6/09    _____
                 Signature of Debtor